UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SUSAN B. LONG,<br>　　　360 Newhouse II<br>　　　Syracuse University<br>　　　Syracuse, NY 13244-2100<br><br>　　　　　and<br><br>DAVID BURNHAM,<br>1100 G Street NW, Suite 500<br>Washington, DC 20005<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>IMMIGRATION AND CUSTOMS<br>ENFORCEMENT,<br>　　　500 12th Street, SW<br>　　　Washington, DC 20536<br><br>　　　　　and<br><br>CUSTOMS AND BORDER<br>PROTECTION,<br>　　　1300 Pennsylvania Avenue, NW<br>　　　Washington, DC 20229<br><br>　　　　　Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1.　　This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552, to compel Immigration and Customs Enforcement ("ICE") and United States Customs and

Border Protection ("CBP") to produce records responsive to FOIA requests for technical

documentation relating to ICE's Enforcement Integrated Database ("EID") and ICE's Integrated

Decision Support Database ("IIDS database"), and to FOIA requests for data extracts from several ICE and CBP databases, each of which replicates at least a subset of the information available in the EID. ICE and CBP have improperly withheld records responsive to these requests.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331, and venue is proper in this District under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

3.      Plaintiff Susan B. Long is an Associate Professor of Managerial Statistics at the Martin J. Whitman School of Management at Syracuse University. Professor Long serves as Co-Director of the Transactional Records Access Clearinghouse ("TRAC"), a data gathering, data research, and data distribution organization associated with Syracuse University. TRAC was established in 1989 and has several offices including those at Syracuse University and in Washington, D.C. The purpose of TRAC is to provide the American people and institutions of oversight, such as Congress, news organizations, public interest groups, businesses, scholars, and lawyers, with comprehensive information about the staffing, spending, and enforcement activities of the federal government.

4.      Plaintiff David Burnham is Co-Director of TRAC, a long-time journalist, and an Associate Research Professor at the S.I. Newhouse School of Public Communications at Syracuse University.

5.      Defendant ICE is an agency of the federal government of the United States and has possession of and control over records Plaintiffs seek.

6.      Defendant CBP is an agency of the federal government of the United States and has possession of and control over records Plaintiffs seek.

## STATEMENT OF FACTS

Request for Documentation Related to the EID

7.      By letter dated October 13, 2010, Plaintiffs submitted a FOIA request to ICE for "(1) a copy of the records identifying each and every database table in the EID and describing all fields of information that are stored in each of these tables. This is a formal description of the information contained in a database broken down by individual tables within the database, and documenting each field of information in a table. It should be in a structured, machine readable format[;] (2) a copy of records defining each code used in recording data contained [in] the EID. This is a request for the contents of specific auxiliary tables—often referred to as code or lookup tables—within the database itself where this information is stored. It should be provided in a structured, machine readable format[;] (3) a copy of the EID's database schema. This is a specific class of records including in a database system that sets forth how the database tables are interlinked[;] (4) records that identify the DMBS [Database Management System] software (e.g., Oracle, DB2, Sybase, SQL Server, etc.) including Version No. used for the EID."

8.      By letter dated June 6, 2011, ICE stated that it had previously disclosed "copies of the entire schema and all code tables in the EID database" in response to two previous FOIA requests submitted by Plaintiffs concerning two EID database modules and that, as a result, it was administratively closing Plaintiffs' request as a duplicate request.

9.      By letter dated June 30, 2011, Plaintiffs appealed the administrative closure of their request as duplicative of prior FOIA requests.

10.     By letter dated July 22, 2011, ICE remanded Plaintiffs' appeal, stating that "[w]ithout completing a search for records responsive to the request, it cannot be determined whether or not additional records exist that relate exclusively to EID that would not have been uncovered in the search for each of the database's respective modules. As such, it is likely that additional responsive records may be found in locations the agency has not yet searched." The agency further stated that it was remanding the appeal "to ICE FOIA for processing and re-tasking to the appropriate agency/office(s) to obtain any responsive documents."

Request for Documentation Related to the IIDS Database

11.     By letter dated October 18, 2010, Plaintiffs submitted a FOIA request to ICE for "(1) a copy of the records identifying each and every database table in the IIDS Database and describing all fields of information that are stored in each of these tables. This is a formal description of the information contained in a database broken down by individual tables within the database, and documenting each field of information in a table. It should be in a structured, machine readable format[;] (2) a copy of records defining each code used in recording data contained in the IIDS Database. This is a request for the contents of specific auxiliary tables—often referred to as code or lookup tables—within the database itself where this information is stored. It should be provided in a structured, machine readable format[;] (3) a copy of the IIDS Database's database schema. This is a specific class of records included in a database system that sets forth how the database tables are interlinked[;] (4) records that identify the DBMS software (e.g., Oracle, DB2, Sybase, SQL Server, etc.) including Version No. used for the IIDS Database."

12.     By letter dated May 19, 2011, ICE stated that its Office of Enforcement and Removal Operations (ERO) had located approximately 97 pages of records responsive to

Plaintiffs' FOIA request. However, it stated that portions of 31 pages of records would be withheld pursuant to Exemption 7(E) of the FOIA and that 66 pages would be released in their entirety. ICE disclosed portions or all of those 97 pages of records with its response.

13.    By letter dated June 30, 2011, Plaintiffs appealed ICE's failure to perform an adequate search, ICE's failure to process five documents embedded as attachments to certain of the 97 responsive pages that ICE disclosed, and ICE's failure to provide any records responsive to items 1 and 2 of their request. Plaintiffs also appealed ICE's withholding of certain portions of the 97 pages it disclosed pursuant to Exemption 7(E) of FOIA.

14.    By letter dated July 27, 2011, ICE remanded Plaintiffs' appeal "to ICE FOIA for re-processing of the five (5) specific attachments and for re-tasking to the appropriate agency/office(s) to obtain any responsive documents," stating that "it is likely that additional responsive records may be found in locations the agency has not yet searched." ICE denied Plaintiffs' appeal with respect to those portions of the records it disclosed that it was withholding pursuant to FOIA Exemption 7(E) and also asserted that withholding was proper "in some instances" pursuant to FOIA Exemption 3, without stating what statute provided for withholding under Exemption 3, or what specific parts of the records were withheld on that basis.

Request for Data Extracts and Associated Information from EID

15.    By letter dated September 21, 2012, Plaintiffs submitted a FOIA request to ICE for "a copy of records identifying any extract and "snapshots" prepared from the [EID] over the last 12 months, along with records relating to the frequency with which such extracts and snapshots have been prepared, who was responsible for preparing any snapshot or extract, the recipient(s) of that extracts/snapshots, as well as the EID system time required in their preparation during this period."

16.     By letter dated January 25, 2013, ICE stated that it searched its Office of Enforcement and Removal Operations (ERO) and Office of Chief Information Office (OCIO) for responsive records. ICE stated that ERO was unable to locate any responsive records, while OCIO had located nine pages of records responsive to Plaintiffs' FOIA request. However, it stated that it was withholding portions of the records pursuant to FOIA Exemptions 6, 7(C), and 7(E).

17.     By letter dated March 5, 2013, Plaintiffs appealed ICE's failure to provide copies of responsive records, citing the title, "EARM Interfaces Summary for FOIA Request," that appeared on the top of seven of the nine pages it produced, and noting that "[i]t is also clear that what appears on pages 1 and 2 [of the nine pages disclosed] are at best selective extracts from some other document(s) without any indication of their source." Plaintiffs also appealed ICE's failure to provide records responsive to their request for information concerning EID data extracts furnished to other databases associated with EID, and for information concerning EID data extracts that were explicitly referred to in ICE and Department of Homeland Security publications. Plaintiffs also appealed ICE's decision to withhold information pursuant to FOIA Exemption 7(E).

18.     By letter dated April 26, 2013, ICE remanded Plaintiffs' appeal "to ICE FOIA for re-tasking to the appropriate agency/office(s) to obtain any documents responsive to your initial request," stating that "it is likely that additional responsive records may be found in locations the agency has not yet searched." ICE's letter did not acknowledge Plaintiffs' appeal with respect to the fact that the nine pages ICE disclosed were summaries of, rather than actual, agency records, or the withholdings under Exemption 7(E).

Request for Complete Data Extract from IIDS Database

19.     By letter dated September 21, 2012, Plaintiffs submitted a FOIA request to ICE for "a copy of the most current snapshot existing at the time this request is processed" that was "produced from ICE's ENFORCE database and … uploaded into ICE's Integrated Decision Support (IIDS) system" and all metadata associated with the data extract.

20.     ICE has not responded to Plaintiffs' request.

Request for Complete Data Extract from CBP Data Warehouse

21.     By letter dated February 25, 2013, Plaintiffs submitted a FOIA request to CBP for "a copy of the most current snapshot existing at the time this request is processed" of "information in the [EID that] 'is replicated to … CBP … Data Warehouse,'" (quoting records provided January 25, 2013, in response to a prior FOIA request), and all metadata associated with the data extract.

22.     CBP has not responded to Plaintiffs' request.

Request for Complete Data Extract from Enforcement Alien Removals Module (EARM) Data Mart

23.     By letter dated February 26, 2013, Plaintiffs submitted a FOIA request to ICE for "a copy of the most current snapshot existing at the time this request is processed" of "information in the [EID that] 'is replicated to the EARM … Data mart,'" (quoting records provided January 25, 2013, in response to a prior FOIA request), and all metadata associated with the data extract.

24.     ICE has not responded to Plaintiffs' request.

Request for Complete Data Extract from EID Data Mart

25.     By letter dated February 26, 2013, Plaintiffs submitted a FOIA request to ICE and CBP for "a copy of the most current snapshot existing at the time this request is processed" of

"information in the [EID that] 'is replicated to the EID … Data mart,'" (quoting records provided January 25, 2013 in response to a prior FOIA request), and all metadata associated with the data extract.

26.    Neither ICE nor CBP has responded to Plaintiffs' request.

## FIRST CLAIM FOR RELIEF
**(against ICE)**

27.    Plaintiffs have a statutory right to the records they seek in response to their EID documentation request. ICE has no legal basis for failing to disclose these records to Plaintiffs.

28.    Under 5 U.S.C. § 552(a)(6)(A)(i), ICE was required to make a determination and notify Plaintiffs of their right to appeal any adverse determination within 20 working days upon remand of Plaintiffs' appeal. More than 20 working days have passed and ICE has provided no further response to Plaintiffs' FOIA request.

29.    Under 5 U.S.C. § 552(a)(6)(C)(i), Plaintiffs have exhausted their administrative remedies.

## SECOND CLAIM FOR RELIEF
**(against ICE)**

30.    Plaintiffs have a statutory right to the records, including those portions that were withheld pursuant to claims of Exemptions 3 and 7(E), they seek in response to their IIDS documentation request. ICE has no legal basis for failing to disclose these records to Plaintiffs.

31.    Under 5 U.S.C. § 552(a)(6)(A)(i), ICE was required to make a determination and notify Plaintiffs of their right to appeal any adverse determination within 20 working days upon remand of Plaintiffs' appeal. More than 20 working days have passed and ICE has provided no further response to Plaintiffs' FOIA request.

32.     Under 5 U.S.C. § 552(a)(6)(C)(i), Plaintiffs have exhausted their administrative remedies.

### THIRD CLAIM FOR RELIEF
### (against ICE)

33.     Plaintiffs have a statutory right to the records, including those portions that were withheld pursuant to claims of Exemption 7(E), they seek in response to their EID Data Extract request. ICE has no legal basis for failing to disclose these records to Plaintiffs.

34.     Under 5 U.S.C. § 552(a)(6)(A)(i), ICE was required to make a determination and notify Plaintiffs of their right to appeal any adverse determination within 20 working days upon remand of Plaintiffs' appeal. More than 20 working days have passed and ICE has provided no further response to Plaintiffs' FOIA request.

35.     Under 5 U.S.C. § 552(a)(6)(C)(i), Plaintiffs have exhausted their administrative remedies.

### FOURTH CLAIM FOR RELIEF
### (against ICE)

36.     Plaintiffs have a statutory right to the records they seek in response to their IIDS Data Extract request. ICE has no legal basis for failing to disclose these records to Plaintiffs.

37.     Under 5 U.S.C. § 552(a)(6)(A)(i), ICE was required to make a determination and notify Plaintiffs of their right to appeal any adverse determination within 20 working days from receipt of Plaintiffs' request. More than 20 working days have passed and ICE has not responded to Plaintiffs' request.

38.     Under 5 U.S.C. § 552(a)(6)(C)(i), Plaintiffs have exhausted their administrative remedies.

## FIFTH CLAIM FOR RELIEF
### (against CBP)

39.     Plaintiffs have a statutory right to the records they seek in response to their CBP Data Warehouse request. CBP has no legal basis for failing to disclose these records to Plaintiffs.

40.     Under 5 U.S.C. § 552(a)(6)(A)(i), CBP was required to make a determination and notify Plaintiffs of their right to appeal any adverse determination within 20 working days from receipt of Plaintiffs' request. More than 20 working days have passed and CBP has not responded to Plaintiffs' request.

41.     Under 5 U.S.C. § 552(a)(6)(C)(i), Plaintiffs have exhausted their administrative remedies.

## SIXTH CLAIM FOR RELIEF
### (against ICE)

42.     Plaintiffs have a statutory right to the records they seek in response to their EARM Data Mart request. ICE has no legal basis for failing to disclose these records to Plaintiffs.

43.     Under 5 U.S.C. § 552(a)(6)(A)(i), ICE was required to make a determination and notify Plaintiffs of their right to appeal any adverse determination within 20 working days from receipt of Plaintiffs' request. More than 20 working days have passed and ICE has not responded to Plaintiffs' request.

44.     Under 5 U.S.C. § 552(a)(6)(C)(i), Plaintiffs have exhausted their administrative remedies.

**SEVENTH CLAIM FOR RELIEF**
**(against ICE and CBP)**

45.     Plaintiffs have a statutory right to the records they seek in response to their EID Data Mart request. ICE and CBP have no legal basis for failing to disclose these records to Plaintiffs.

46.     Under 5 U.S.C. § 552(a)(6)(A)(i), ICE and CBP were required to make a determination and notify Plaintiffs of their right to appeal any adverse determination within 20 working days from receipt of Plaintiffs' request. More than 20 working days have passed and neither ICE nor CBP has responded to Plaintiffs' request.

47.     Under 5 U.S.C. § 552(a)(6)(C)(i), Plaintiffs have exhausted their administrative remedies.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

(1) Declare that Defendants' withholding of the requested records is unlawful;

(2) Order Defendants to make the requested records available to Plaintiffs;

(3) Award Plaintiffs their costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

(4) Award such other relief as this Court deems just and proper.

Dated: January 29, 2014                    Respectfully submitted,

                                           _/s/ Scott L. Nelson_____
                                           Scott L. Nelson (D.C. Bar No. 413548)
                                           Jehan A. Patterson (D.C. Bar No. 1012119)
                                           Public Citizen Litigation Group
                                           1600 20th Street NW
                                           Washington, DC 20009
                                           (202) 588-1000

                                           *Counsel for Plaintiffs*