**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SUSAN B. LONG, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:14-CV-00109-JDB |
| | ) | |
| | ) | |
| U.S. IMMIGRATION AND | ) | |
| CUSTOMS ENFORCEMENT, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DECLARATION OF FERNANDO PINEIRO
IN SUPPORT OF THE UNITED STATES DEPARTMENT OF HOMELAND
SECURITY'S MOTION FOR SUMMARY JUDGMENT**

**I.      INTRODUCTION**

I, Fernando Pineiro, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I am the Deputy FOIA Officer of the Freedom of Information Act Office (the "ICE FOIA Office") at U.S. Immigration and Customs Enforcement ("ICE").  I have held this position since December 29, 2013.  Prior to this position, I was the FOIA Officer for the office for Civil Rights and Civil Liberties (CRCL) at the Department of Homeland Security (DHS) for 3 years.  The ICE FOIA office mailing address is 500 12th Street, S.W., STOP 5009, Washington, D.C. 20536-5009.

2.      The ICE FOIA Office is responsible for processing and responding to all Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and Privacy Act, 5 U.S.C. § 552a, requests received at ICE.

3.      As the Deputy FOIA Officer of the ICE FOIA Office, my official duties and responsibilities include the general management, oversight, and supervision of the ICE FOIA Office.  I manage and supervise a staff of ICE FOIA Paralegal Specialists, who report to me regarding the

processing of FOIA and Privacy Act requests received by ICE.  In connection with my official duties, I am familiar with ICE's procedures for responding to requests for information pursuant to provisions of FOIA and the Privacy Act.  In that respect, I am familiar with ICE's processing of the FOIA requests that Susan Long and David Burnham submitted on behalf of the Transactional Records Access Clearinghouse (TRAC) to ICE.

4.      I make this declaration in support of ICE's Motion for Summary Judgment in the above-captioned action.  The statements contained in this declaration are based upon my personal knowledge, my review of documents kept by ICE in the ordinary course of business, and information provided to me by other ICE employees in the course of my official duties.

5.      A description of ICE's processing of each of the Plaintiffs' FOIA requests related to the instant litigation follows.

**II. PROCEDURAL HISTORY OF PLAINTIFF'S OCTOBER 13, 2010, FOIA REQUEST**

6.       By letter dated October 13, 2010, Plaintiffs submitted a FOIA request via e-mail, to the ICE FOIA inbox.  Plaintiffs' FOIA request sought "a complete set of documentation on the 'Enforcement Integrated Database (EID).'" The request also advised that the documentation that the plaintiffs were seeking included, but was not limited to,  records identifying the database tables in the EID, records defining the codes used to record data in the EID, a copy of the EID's database schema, and records that identify the DBMS software, including version number, used for the EID.  **A true and complete copy of Plaintiffs' October 13, 2010, FOIA request is attached to this declaration as Exhibit 1.**

7.       By letter dated October 29, 2010, ICE acknowledged receipt of the FOIA request and assigned it ICE FOIA case number 2011FOIA00528.  **A true and complete copy of the October 29, 2010, letter is attached to this declaration as Exhibit 2.**

8.      By letter dated April 7, 2011, Plaintiffs sent a letter to ICE stating, in part, that they had not received a response to FOIA request 2011FOIA00528.  **A true and complete copy of the April 7, 2011, letter is attached as Exhibit 3.**

9.      On June 6, 2011, ICE responded to Plaintiffs' FOIA request, and informed her that the records they requested had already been provided on April 8, 2011, in response to two other FOIA requests, 2010FOIA2137 and 2010FOIA2140 that TRAC submitted to ICE on January 15, 2010, and that ICE was administratively closing the request.  **A true and complete copy of the June 6, 2011, letter is attached to this declaration as Exhibit 4.**

10.     FOIA requests 20110FOIA2137 and 2010FOIA2140 sought records concerning the ENFORCE Alien Booking Module (EABM) and the ENFORCE Alien Removal Module (EARM), respectively.  ICE's June 6, 2011, letter noted that both EABM and EARM were modules of the EID, and that the OCE Office of the Chief Information Officer (OCIO) had provided copies of the schema and all code tables for the entire EID, including all of its modules, at the conclusion of its search for responsive records.  A copy of the records released on April 8, 2011, was provided with the June 6, 2011, response letter.

11.     Plaintiffs administratively appealed ICE's response in a letter dated June 30, 2011.  In that letter, Plaintiffs asserted that the ICE's responses to requests 2010FOIA2137 and 2010FOIA2140 did not cover all records related to the EID.  **A true and complete copy of Plaintiff's June 30, 2011, letter is attached to this declaration as Exhibit 5.**

12.     In a letter to the Plaintiffs dated July 8, 2011, ICE's Office of Principal Legal Advisor (OPLA) acknowledged receipt of the Plaintiff's appeal of ICE's response, and assigned it an appeal tracking number of OPLA11-218  **A true and complete copy of the July 8, 2011, letter is attached as Exhibit 6.**

3

13.     By letter dated July 22, 2011, OPLA responded to Plaintiffs' appeal of ICE's response, and remanded the request to the ICE FOIA Office so that additional searches could be conducted.  **A true and complete copy of the July 22, 2011, letter is attached as Exhibit 7.**

14.     On remand, the ICE FOIA Office re-opened Plaintiffs' October 13, 2010, FOIA request under case number 2012FOIA02679.

15.     The ICE FOIA Office asked ERO to conduct a search for records pursuant to the remand letter from OPLA.  ERO ultimately determined that the release of any additional responsive records that may be located would expose ICE's sensitive law enforcement data systems to outside entities, and allow individuals, companies, or foreign governments unauthorized access to the contents of those systems.

### III. PROCEDURAL HISTORY OF PLAINTIFF'S OCTOBER 18, 2010, FOIA REQUEST

16.     By letter dated October 18, 2010, Plaintiffs submitted a FOIA request, via email, to the ICE FOIA inbox.  Plaintiffs' FOIA request sought "a complete set of documentation on the 'ICE Integrated Decision Support (IIDS) Database.'" The request also advised that the documentation that the plaintiffs were seeking included, but was not limited to, records identifying each and every database table in the IIDS Database and describing all fields of information that are stored in each of these tables, a copy of records defining each code used in recording the data contained in the IIDS Database, and a copy of the IIDS Database's database schema, and  records that identify the DBMS software, including version number, used for the IIDS Database. **A true and complete copy of Plaintiffs' FOIA request is attached to this declaration as Exhibit 8.**

17.     By letter dated October 29, 2010, ICE acknowledged receipt of the FOIA request and assigned it ICE FOIA case number 2011FOIA00619. **A true and complete copy of the October 29, 2010, letter is attached as Exhibit 9.**

18.     By letter dated April 7, 2011, referenced in Paragraph 8 above, Plaintiffs sent a letter to ICE stating, in part, that they had not received any response to FOIA request 2011FOIA00619

19.     In a letter dated May 12, 2011, ICE responded to Plaintiffs' FOIA request, and informed them that a search of the ICE Office of Enforcement and Removal Operations (ERO) for records responsive to the request produced a total of ninety-seven (97) pages of responsive documents.  The letter also informed the Plaintiffs that portions of those records had been withheld pursuant to Exemption (b)(7)(E) of the FOIA.  **A true and complete copy of the May 12, 2011, letter is attached as Exhibit 10.**

20.     By letter dated June 30, 2011, Plaintiffs filed an appeal of ICE's May 12, 2011, response, challenging both ICE's withholdings and the adequacy of ICE's search. The appeal letter was received by the ICE FOIA office on July 6, 2011.  **A true and complete copy of the June 30, 2011, letter is attached as Exhibit 11.**

21.     In a letter to the Plaintiffs dated July 8, 2011, ICE's Office of Principal Legal Advisor (OPLA) acknowledged receipt of the Plaintiffs' appeal of ICE's response, and assigned it an appeal tracking number of OPLA11-219.  **A true and complete copy of the July 8, 2011, letter is attached as Exhibit 12.**

22.     By letter dated July 27, 2011, OPLA responded to Plaintiffs' appeal of ICE's response, and remanded the request to the ICE FOIA Office so that additional searches could be conducted.  OPLA's response to Plaintiffs' appeal also affirmed all withholdings in the

documents that had been produced.  **A true and complete copy of the July 27, 2011, letter is attached as Exhibit 13.**

23.     On remand, the ICE FOIA Office re-opened Plaintiffs' FOIA request under case number 2012FOIA02678.

24.     The ICE FOIA Office asked ERO to conduct a search for records pursuant to the remand letter from OPLA.  ERO, in conjunction with OCIO, ultimately determined that the release of any additional responsive records that may be located would expose ICE's sensitive law enforcement data systems to outside entities, and allow individuals, companies, or foreign governments to gain unauthorized access to the contents of those systems.

**IV. PROCEDURAL HISTORY OF PLAINTIFFS' SEPTEMBER 21, 2012, FOIA REQUEST [FIRST OF TWO REQUEST LETTERS DATED SEPTEMBER 21, 2012]**

25.     By letter dated September 21, 2012, Plaintiffs submitted a FOIA request to ICE seeking "a copy of records identifying any extracts and 'snapshots' prepared from the Enforcement Integrated Database (EID) over the last 12 months, along with records relating to the frequency with which such extracts and snapshots have been prepared, who was responsible for preparing any snapshot or extract, the recipient(s) of that extracts/snapshots, as well as the EID system time required in their preparation during this time. **A true and complete copy of Plaintiffs' September 21, 2012, FOIA request is attached to this declaration as Exhibit 14.**

26.     On September 25, 2012, ICE assigned the FOIA request tracking number 2012FOIA24067.

27.     In a letter dated January 25, 2013, ICE informed Plaintiffs that a search of ERO and OCIO produced 9 pages of responsive records.  ICE withheld portions of these records pursuant to Exemptions (b)(6), (b)(7)(C), and (b)(7)(E) of the FOIA.  The letter also noted that

ICE had applied Exemption (k)(2) of the Privacy Act to the records, but that statement was made in error: there were no Privacy Act exemptions applied to the records, and the Privacy Act would not apply to Plaintiffs' FOIA September 21, 2012, FOIA request. **A true and complete copy of ICE's January 25, 2013, response letter is attached to this declaration as Exhibit 15.**

28.     In a letter dated March 5, 2013, Plaintiffs administratively appealed ICE's response and challenged the adequacy of ICE's search, as well as ICE's use of Exemption (b)(7)(E) to withhold portions of the records. **A true and complete copy of Plaintiffs' March 5, 2013, letter is attached to this declaration as Exhibit 16.**

29.     OPLA acknowledged receipt of Plaintiffs' administrative appeal in a letter dated March 14, 2013.  The letter also informed Plaintiffs that the appeal had been assigned the appeal tracking number OPLA 13-740.  **A true and complete copy of ICE's March 14, 2013, letter is attached to this declaration as Exhibit 17.**

30.     On April 18, 2013, OPLA responded to Plaintiffs' administrative appeal, and informed Plaintiffs that their request would be remanded to the ICE FOIA Office so that additional searches could be conducted.  **A true and complete copy of ICE's April 18, 2013, letter is attached to this declaration as Exhibit 18.**

31.     On remand, the ICE FOIA Office assigned the request tracking number 2013FOIA22359, and asked ERO and OCIO to conduct additional searches pursuant to OPLA's instructions.

32.     After consultation with OPLA, ERO, and OCIO, it was determined that the information sought by Plaintiffs for this request, particularly the snapshots of the EID, was sensitive law enforcement information, to such a degree that its release would severely

compromise ICE's systems.  ICE was preparing to issue a response to this effect when Plaintiffs

filed suit on January 29, 2014.

**V. PROCEDURAL HISTORY OF PLAINTIFF'S SEPTEMBER 21, 2012, FOIA**

**REQUEST [SECOND OF TWO REQUEST LETTERS DATED SEPTEMBER 21, 2012]**

     33.     By letter dated September 21, 2012, Plaintiff requested from ICE a copy of the

"current 'snapshot' of ENFORCE prepared for ICE's Integrated Decision Support (IIDS)

System."  **A true and complete copy of Plaintiffs' September 21, 2012, FOIA request is**

**attached to this declaration as Exhibit 19.**

     34.     ICE acknowledged receipt of Plaintiffs' September 21, 2012, FOIA request in a

letter dated September 25, 2013.  That letter also informed Plaintiffs that their FOIA request had

been assigned tracking number 2012FOIA24071.  **A true and complete copy of ICE's**

**September 25, 2012, acknowledgment letter is attached to this declaration as Exhibit 20.**

     35.     After consultation with OPLA, ERO, and OCIO, it was determined that the

information sought by Plaintiffs for this request was sensitive law enforcement information, to

such a degree that its release would severely compromise ICE's systems.  ICE was preparing to

issue a response to this effect when Plaintiffs filed suit on January 29, 2014.

**VI. PROCEDURAL HISTORY OF PLAINTIFF'S FEBRUARY 25, 2013, FOIA**

**REQUEST**

     36.     By letter dated February 25, 2013, Plaintiffs filed a FOIA request with ICE

seeking a copy of the most current snapshot of information in the EID that is replicated for the

U.S. Customs and Border Protection (CBP) data warehouse.  **A true and complete copy of**

**Plaintiffs' February 25, 2013 request letter is attached to this declaration as Exhibit 21.**

37.     On February 25, 2013, ICE assigned Plaintiffs' FOIA request tracking number 2013FOIA14431.

38.     In a letter dated August 29, 2013, ICE responded to Plaintiffs' February 25, 2013, FOIA request, and informed Plaintiffs that a search of ERO, OCIO, and the ICE Office of Homeland Security Investigations (HSI) did not locate any records which would be responsible to her request.  **A true and complete copy of ICE's August 29, 2013, response letter is attached to this declaration as Exhibit 22.**

39.     ICE did not receive an administrative appeal from Plaintiffs regarding ICE's response to FOIA request 2013FOIA14431.

## VII. PROCEDURAL HISTORY OF PLAINTIFF'S FEBRUARY 26, 2013, FOIA REQUEST

40.     By two separate letters dated February 26, 2013, Plaintiffs submitted FOIA requests to ICE seeking 1) a copy of the most "current 'snapshot' of EID database i prepared for the EARM Data Mart"; and 2) "the current 'snapshot' of EID database prepared for EID Data Mart."  **A true and complete copy of Plaintiffs' February 26, 2013, request letter is attached to this declaration as Exhibit 23.**

41.     ICE acknowledged the receipt of Plaintiffs' February 26, 2013, FOIA request in a letter dated March 4, 2013.  In that letter, ICE informed Plaintiffs that the FOIA request had been assigned tracking number 2013FOIA14533.  **A true and complete copy of ICE's March 4, 2013, acknowledgment letter is attached to this declaration as Exhibit 24.**

42.     In a second letter, also dated March 4, 2013, ICE informed Plaintiffs that their request for a fee waiver had been denied, as Plaintiff had failed to demonstrate that the snapshot of EID information prepared for use in the EARM module would significantly contribute to the

public understanding of government activities, or that the public interest in the disclosure of this information outweighed the Plaintiffs' commercial interest in the information. **A true and complete copy of ICE's March 4, 2013, letter is attached as Exhibit 25.**

43.     After consultation with ERO, and OCIO, it was determined that the information sought by Plaintiffs for this request was sensitive law enforcement information, to such a degree that its release would severely compromise ICE's systems.  ICE was preparing to issue a response to this effect when Plaintiffs filed suit on January 29, 2014.

**VIII. DESCRIPTION OF ICE'S WITHHOLDINGS**

44.     ICE has prepared a *Vaughn* Index describing in detail the information withheld from the records produced pursuant to FOIA requests 2010FOIA00619 and 2012FOIA24067. **A true and complete copy of ICE's, June 18, 2014 Vaughn Index is attached as Exhibit 26.**

45.     As noted in paragraph 19, ICE informed Plaintiffs on May 12, 2011, that a search of the ICE Office of Enforcement and Removal Operations (ERO) produced a total of ninety-seven (97) pages of documents relating to IIDS that were responsive to their request.  The letter also stated that after a review of the records, ICE had determined that 66 pages would be released to Plaintiffs in their entirety, and that portions of the remaining 31 pages would be withheld from disclosure pursuant to Exemption (b)(7)(E) of the FOIA.

46.     As noted in paragraph 27, ICE also applied FOIA Exemption (b)(7)(E) to withhold portions of the 9 pages of EARM interface summary records released in response to request 2012FOIA24067.

47.     The IIDS is a data warehouse which includes ICE data from various database applications.  ERO uses IIDS to rapidly run reports and queries on data stored in other ICE databases, particularly the Enforcement Integrated Database (EID).  The EID is a data repository

system which allows ICE officers to manage cases from the time of an alien's arrest, in-processing, or placement into removal proceedings, through the final case disposition (removal or granting of benefits).  It also contains law enforcement sensitive information relating to investigations, enforcement operations, and checks of other law enforcement databases.  The release of certain information relating to the structure of these systems could allow an unauthorized party to illegally gain access to ICE systems and manipulate, corrupt, or unlawfully use that data.  EARM is the case management system used for tracking cases of aliens in the removal process.  This application, in conjunction with the ENFORCE Alien Detention Module (EADM), forms the core system utilized by ERO to track alien's cases after their arrest.  The EARM supports ICE ERO by collecting, tracking, managing, and storing data on aliens in removal proceedings.  The system maintains biographical information as well as Custody Actions and Decisions; Case Actions and Decisions; and Bond Management information.  The application shares common data with the Enforcement Integrated Database (EID), which improves data quality and reliability.

48.      FOIA Exemption (b)(7), 5 U.S.C. § 552(b)(7):  To successfully defend the assertion of any (b)(7) exemption as a basis for withholding records and information, an agency must as a threshold matter demonstrate that the matters withheld were compiled for law enforcement purposes.

49.      The information for which FOIA Exemption (b)(7) has been asserted in the instant matter satisfies this threshold requirement.  ICE is the largest investigative arm of DHS, and is responsible, among other duties, for identifying and eliminating vulnerabilities within the nation's borders.  ICE is tasked with preventing any activities that threaten national security and public safety by investigating the people, money, and materials that support illegal enterprises.

Plaintiffs' requests sought records from ICE databases that contain information related law enforcement investigations into civil and criminal immigration violations.  Therefore, the records responsive to Plaintiffs' FOIA request were compiled for law enforcement purposes and meet the threshold requirement of FOIA Exemption (b)(7).

50.     FOIA Exemption (b)(7)(E), 5 U.S.C. § 552(b)(7)(E):  This exemption allows the withholding of information compiled for law enforcement purposes to the extent that the production of such information would disclose techniques, procedures, and guidelines for law enforcement investigations or prosecutions to the extent that such disclosure could reasonably be expected to risk circumvention of the law.  ICE employed certain law enforcement techniques and methods designed to obtain information in furtherance of its enforcement of the nation's immigration and customs laws, and ICE law enforcement officers use the databases and systems that are the subjects of Plaintiffs' FOIA requests to maintain that information and carry out those duties.

51.     ICE applied FOIA Exemption (b)(7)(E) to protect from disclosure law enforcement sensitive database information, including information relating to how ICE's systems interact with other law enforcement systems, along with information relating to where information relating to the threat levels of aliens encountered, arrested, or detained by ICE are stored within the databases or their modules.

52.     The disclosure of this law enforcement database information could expose ICE's sensitive law enforcement data systems to outside entities, and allow individuals, companies, or foreign governments to gain unauthorized access to the contents of those systems, to include law enforcement sensitive investigatory data, and sensitive personally identifiable information on the aliens and the users of those systems.

53.     As noted in paragraph 27, ICE also applied Exemptions (b)(6) and (b)(7)(C) of the FOIA to withhold portions of the 9 pages of EARM records released in response to request 2012FOIA24067.

54.     FOIA Exemption (b)(6), 5 U.S.C. § 552(b)(6): This exemption allows the withholding of personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Documents that apply to or describe a particular individual, including investigative records, qualify as "personnel," "medical," or "similar files" under FOIA Exemption (b)(6).  When applying this exemption, the agency must balance the individual's personal privacy interest against the public need for the information for purposes of shedding light on the agency's performance of its statutory duties.

55.     FOIA Exemption (b)(7)(C), 5 U.S.C.§ 552(b)(7)(C):  This exemption allows the withholding of information that identifies agency employees and third parties in law enforcement records.  In asserting this exemption, the agency must examine the degree and nature of the privacy interest of any individual whose personally identifiable information may appear within ICE's records.  The public interest in the disclosure of this information is determined by whether the information to be withheld would inform the public about ICE's performance of its mission to enforce federal and criminal statutes and/or how ICE actually conducts its internal operations as well as internal and external investigations.

56.     ICE applied Exemption (b)(6) in conjunction with Exemption (b)(7)(C) to protect from disclosure the names, phone numbers and email addresses of law enforcement officers, employees of law enforcement agencies, and employees of other federal government agencies who have access to, are responsible for maintaining, or have the ability to manipulate various law enforcement database systems.  The release of the names of these individuals could subject

them to an undue invasion of personal privacy, or potentially jeopardize their safety.  Any

perceived public need for information pertaining to the identity of these individuals is heavily

outweighed by their personal privacy interests, and the release of this information would do

nothing to inform the public about how ICE or these other government agencies conduct internal

operations or enforce the nation's laws.

**IX. JURAT CLAUSE**

I declare under penalty of perjury that the forgoing is true and correct to the best of my

knowledge and belief.  Signed this __1st__ day of October 2014.

_____
Fernando Pineiro, FOIA Officer
Freedom of Information Act Office
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
500 12th Street, S.W., Stop 5009
Washington, DC 20536-5009