UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSAN B. LONG, *et al.* )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>U.S. IMMIGRATION AND )<br>CUSTOMS ENFORCEMENT, *et al.* )<br>)<br>Defendants. )<br>) | No. 1:14-CV-00109-APM |

SUPPLEMENTAL DECLARATION OF FERNANDO PINEIRO
IN SUPPORT OF THE UNITED STATES DEPARTMENT OF HOMELAND
SECURITY'S MOTION FOR SUMMARY JUDGMENT

**I.    INTRODUCTION**

I, Fernando Pineiro, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.    I am the Deputy FOIA Officer of the Freedom of Information Act Office (the "ICE FOIA Office") at U.S. Immigration and Customs Enforcement ("ICE"). I have held this position since December 29, 2013. Prior to this position, I was the FOIA Officer for the office for Civil Rights and Civil Liberties (CRCL) at the Department of Homeland Security (DHS) for 3 years. The ICE FOIA office mailing address is 500 12th Street, S.W., STOP 5009, Washington, D.C. 20536-5009.

2.    The ICE FOIA Office is responsible for processing and responding to all Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and Privacy Act, 5 U.S.C. § 552a, requests received at ICE.

3.    As the Deputy FOIA Officer of the ICE FOIA Office, my official duties and responsibilities include the general management, oversight, and supervision of the ICE FOIA Office. I manage and supervise a staff of ICE FOIA Paralegal Specialists, who report to me regarding the

1

processing of FOIA and Privacy Act requests received by ICE. In connection with my official duties, I am familiar with ICE's procedures for responding to requests for information pursuant to provisions of FOIA and the Privacy Act. In that respect, I am familiar with ICE's processing of the FOIA requests that Susan Long and David Burnham submitted on behalf of the Transactional Records Access Clearinghouse (TRAC) to ICE.

4. I make this supplemental declaration in support of ICE's Motion for Summary Judgment in the above-captioned action. The statements contained in this declaration are based upon my personal knowledge, my review of documents kept by ICE in the ordinary course of business, the Court Order dated December 14, 2015, and information provided to me by other ICE employees in the course of my official duties.

5. In accordance with the Court's ruling on December 14, 2015, I am providing a more detailed description of ICE's processing of Plaintiffs' FOIA request dated September 21, 2012 and the resulting search for responsive records related to the instant litigation follows.

II. PROCEDURAL HISTORY OF PLAINTIFFS' SEPTEMBER 21, 2012, FOIA REQUEST [FIRST OF TWO REQUEST LETTERS DATED SEPTEMBER 21, 2012]

6. By letter dated September 21, 2012, Plaintiffs submitted a FOIA request (hereinafter referred to as FOIA Request III) to ICE seeking "a copy of records identifying any extracts and 'snapshots' prepared from the Enforcement Integrated Database (EID) over the last 12 months, along with records relating to the frequency with which such extracts and snapshots have been prepared, who was responsible for preparing any snapshot or extract, the recipient(s) of that extracts/snapshots, as well as the EID system time required in their preparation during this period." Doc. 17-3, Exhibit 14.

7. On September 25, 2012, ICE assigned the FOIA request tracking number 2012FOIA24067.

**DESCRIPTION OF PROGRAM OFFICES TASKED WITH SEARCHING FOR RECORDS IN RESPONSE TO THE PLAINTIFFS' FOIA REQUEST**

8. ICE is the principal investigative arm of DHS and the second largest investigative agency in the federal government. Created in 2003 through a merger of the investigative and interior enforcement elements of the U.S. Customs Service and the Immigration and Naturalization Service, ICE now has more than 20,000 employees and offices in all 50 states and 48 foreign countries.

9. On September 25, 2012, upon receipt and review of the Request, the ICE FOIA Office initially determined that because of the subject matter of the FOIA request, the office most likely to have records responsive to Plaintiff's request was the ICE Office of Enforcement and Removal Operations (ERO). The ICE FOIA Office, on September 25, 2012, tasked ERO with a search for records and requested that all records located during that search be provided to the ICE FOIA Office for review and processing.

10. ERO oversees programs and conducts operations to identify and apprehend removable aliens, to detain these individuals when necessary, and to remove illegal aliens from the United States. ERO prioritizes the apprehension, arrest, and removal of convicted criminals, those who pose a threat to national security, fugitives, recent border entrants, and aliens who thwart immigration controls. ERO manages all logistical aspects of the removal process, including domestic transportation, detention, alternatives to detention programs, bond management, and supervised release. ERO comprises seven headquarters divisions and 24 Field Offices, and more than 7,600 employees.

11. When ERO receives a FOIA tasking from the ICE FOIA Office, the request is submitted to ERO's Information Disclosure Unit (IDU). Points-of-Contact (POCs) in IDU review the substance of the request. Based upon subject matter expertise and knowledge of the program offices' activities within

ERO, IDU forwards the FOIA request to specific individuals and component offices, and directs specific employees to conduct searches of their file systems (including both paper files and electronic files) which in their judgment, based on their knowledge of the manner in which they routinely keep records, would be reasonably likely to have responsive records, if any. The employees exercise discretion, based on their operational knowledge and subject matter expertise, in choosing the specific search terms utilized to ascertain whether or not potentially responsive documentation exists. Once searches are completed, the individuals and component offices provide any potentially responsive records to the IDU POC, who in turn provides the records to the ICE FOIA Office. The ICE FOIA Office then reviews any collected records for responsiveness.

12. Following ERO's receipt of the September 25, 2012 tasking from the ICE FOIA Office, a POC in the ERO IDU received and reviewed the request. Based upon subject matter expertise and knowledge of the program offices' activities within ERO, IDU determined that subject matter experts within the ERO Law Enforcement Systems and Analysis (LESA) Unit at the Headquarters level should conduct the search. Subject matter experts (SMEs) within LESA, upon review of the FOIA request, opined that the Office of the Chief Information Officer (OCIO) might best be positioned to respond to the request as OCIO maintains both EID and IIDS. In addition, LESA advised that because of the technical nature of the documentation requested that ERO would defer to OCIO to provide a comprehensive response.

13. Based upon the information and response provided by ERO, on October 4, 2012, the ICE FOIA Office tasked the ICE Office of the Chief Information Officer (OCIO). The ICE FOIA Office instructed OCIO to conduct a comprehensive search for records and provide all records located during that search to the ICE OFOIA Office for review and processing.

4

14. OICO provides information technology services and products that enable ICE and DHS to meet their respective mission and to deliver innovative information technology and business solutions that enable ICE to protect and secure the nation.

15. Similar to the process described above in paragraph 11, when the OCIO receives a FOIA tasking from the ICE FOIA Office, the request is submitted to an OCIO FOIA Point-of-Contact (POC) to review the substance of the request. Based upon subject matter expertise and knowledge of the program offices' activities within OCIO, the FOIA request is sent to specific individuals and component offices within OCIO, and directs specific employees to conduct searches of their file systems (including both paper files and electronic files) which in their judgment, based on their knowledge of the manner in which they routinely keep records, would be reasonably likely to have responsive records, if any. The employees exercise discretion, based on their operational knowledge and subject matter expertise, in choosing the specific search terms utilized to ascertain whether or not potentially responsive documentation exists. Once searches are completed, the individuals and component offices provide any potentially responsive records to the OCIO POC, who in turn provides the records to the ICE FOIA Office. The ICE FOIA Office then reviews any collected records for responsiveness.

16. Following OCIO's receipt of the October 4, 2012 tasking from the ICE FOIA Office, a POC in the OCIO received and reviewed the request. Based upon subject matter expertise and knowledge of the program offices' activities within OCIO, the POC determined that subject matter experts within the Systems Development Division (SDD) at the Headquarters level should conduct the search. Subject matter experts (SMEs) within SDD, upon review of the FOIA request, reasonably interpreted the request and determined that the request was seeking: 1) information regarding EID data replicated to various environments; how often, and to whom; 2) information regarding EID data

provided through interfaces; how often, and to whom; and 3) information regarding EID data shared through EID services; how often, and to whom.

17. The search conducted by OCIO resulted in nine (9) pages, which were provided to the ICE FOIA Office. The nine (9) pages were subsequently processed and released to the Plaintiffs. The records were accompanied by a final response letter dated January 25, 2013, which informed Plaintiffs that ICE withheld portions of these records pursuant to Exemptions (b)(6), (b)(7)(C), and (b)(7)(E) of the FOIA. The letter also noted that ICE had applied Exemption (k)(2) of the Privacy Act to the records, but that statement was made in error: there were no Privacy Act exemptions applied to the records, and the Privacy Act would not apply to Plaintiffs' FOIA September 21, 2012, FOIA request. Doc. 17-3, Exhibit 15.

18. As stated in my previous declaration dated October 1, 2014 (Doc. 17-2 filed October 9, 2014), Plaintiffs appealed the January 25, 2013 final response from the ICE FOIA Office. The administrative appeal was subsequently adjudicated by the ICE Office of the Principal Legal Advisor and the matter was remanded to the ICE FOIA Office. The Plaintiffs filed the present FOIA action before a final response was sent to them by ICE.

## III. JURAT CLAUSE

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge and belief.  Signed this _13th__ day of January 2016.

_____
Fernando Pineiro, FOIA Officer
Freedom of Information Act Office
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
500 12th Street, S.W., Stop 5009
Washington, DC 20536-5009