# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSAN B. LONG and DAVID BURNHAM, ) <br> ) <br> Plaintiffs, ) <br> ) Civil Action No. 14-109 (APM) <br> v. ) <br> ) <br> IMMIGRATION AND CUSTOMS ) <br> ENFORCEMENT and CUSTOMS AND ) <br> BORDER PROTECTION, ) <br> ) <br> Defendants. ) | |

## DEFENDANTS' SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Pursuant to the Court's January 26, 2017 Order, Defendants Immigration and Customs Enforcement ("ICE") and Customs and Border Protection ("CBP") (collectively, the "Defendants") respectfully submit this supplemental brief for the limited purpose of addressing the question of: "Whether there remains a 'reasonable' risk of a security breach given Plaintiffs' claim that Defendants previously disclosed samples of the requested information."

As explained in the accompanying Supplemental Declaration of Jeff Wilson, Unit Chief of the Information Technology Management Unit Within Enforcement and Removal Operations Law Enforcement and Systems Analysis at ICE (the "Wilson February 2017 Supplemental Declaration"), the answer is a resounding yes. Although Defendants previously released some documents concerning the Enforcement Integrated Database ("EID") and ICE Integrated Decision Support ("IIDS") Database, the releases were inadvertent and the documents should have been withheld pursuant to Exemption 7(E).

For all of the reasons previously noted by Defendants in support of their summary judgment motion, the subject documents were properly withheld pursuant to Exemption 7(E) and

the inadvertent previous production of a sample of similar documents in no way lessens the risk of a security breach or constitutes a waiver of Exemption 7(E).

## ARGUMENT

### A REASONABLE RISK OF SECURITY BREACH REMAINS NOTWITHSTANDING THE EARLIER INADVERTANT PRODUCTION

Plaintiffs contend that since Defendants previously released some documents concerning the EID and IIDS databases in response to Plaintiffs' previous FOIA requests, Defendants cannot now withhold, pursuant to Exemption 7(E), the information at issue here.  *See* Plaintiffs' Supplemental Memorandum in Opposition, Dkt. No. 37, pp. 10-11.

As detailed in the Wilson February 2017 Supplemental Declaration, although Defendants did, in fact, previously produce documents concerning the EID and IIDS databases, that information should not have been produced.  The inadvertent production resulted from the documents being released without the approval of the ICE program office with equities in this type of information.  *See* Wilson February 2017 Supplemental Declaration, ¶¶ 6-7.  Such an inadvertent production does not in any way constitute a waiver of Exemption 7(E) or an indication that there is no longer a reasonable risk of security breach with respect to any further release of documents concerning the databases.  *See, e.g., Hersh & Hersh v. U.S. Dep't of Health & Human Servs.*, Civ. Action No. 06-4234, 2008 WL 901539, at *7 (N.D. Cal. Mar. 31, 2008) (explaining that inadvertent production cannot form the basis for an argument that an exemption has been waived); *Kay v. FCC*, 867 F. Supp. 11, 23-24 (D.D.C. 1994) (noting that a previous erroneous production does not expose agency to the harms which the exemption protects against and "constitutes no reflection whatsoever on the [agency's] assessment of the sensitivity of the remaining material").

Even if an inadvertent production could somehow potentially result in a waiver, that waiver would only apply if the previously released documents and the currently withheld documents were identical.  *See, e.g., Assassination Archives & Research Ctr. v. CIA*, 334 F.3d 55, 60-61 (D.C. Cir. 2003) (no waiver where plaintiff failed to show that the specific items sought were previously disclosed); *Grandison v. U.S. Dep't of Justice*, 600 F. Supp. 2d 103, 116-17 (D.D.C. 2009) (to establish waiver plaintiff must show prior release of complete copies of items sought); *Edmonds v. FBI*, 272 F. Supp. 2d 35, 49 (D.D.C. 2003) (no waiver where withheld information is not identical to previously released information).  Plaintiffs do not contend that the documents at issue are identical to the documents that were erroneously produced (and there would, in fact, be no reason for Plaintiffs to submit additional FOIA requests if they were).   As Jeff Wilson explains in his declaration, the EID and IIDS databases are part of a live system that changes as information is added and removed.  Therefore, the information that was inadvertently released is no longer identical to the information as it would appear today.  *See* Wilson February 2017 Supplemental Declaration, ¶ 13.  Thus, Plaintiffs cannot satisfy their burden of establishing that Defendants have waived their ability to withhold this sensitive information under Exemption 7(E).

*       *       *

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully submit that notwithstanding the previous inadvertent production of a sample of documents concerning the EID and IIDS databases, a reasonable risk of security breach resulting from the further production now sought by Plaintiffs remains.

Dated: February 28, 2017

                        Respectfully Submitted,

                        CHANNING D. PHILLIPS, D.C. Bar # 415793
                        United States Attorney

                        DANIEL F. VAN HORN, D.C. Bar # 924092
                        Chief, Civil Division

By:  /s/ Melanie D. Hendry
       Melanie D. Hendry, N.Y. Bar # 4275186
       Assistant United States Attorney
       555 Fourth Street, N.W.
       Washington, D.C. 20530
       (202) 252-2510
       melanie.hendry2@usdoj.gov